This was a Case adjourned to this Court by the Superior Court of Law for Henrico county. The Case is fully stated in the following opinion of the Court delivered- by
BROCKENBROUGH, J.
The prisoner, who is a convict in the Penitentiary, was reported by the Superintendent of that institution, to the Superior Court of Law for Henrico county, as having escaped from that prison on the 17th September, 1824, and being apprehended and brought back to it on the 10th December following: The prisoner having been brought into Court, and the Court doubting whether the Act of Assembly prescribes any additional confinement as a punishment for such an escape, or whether it vests a discretionary power in the Court, to sentence a convict, for such escape, to an additional corporal punishment not extending to life or *limb; and believing that the fact of such escape must be tried by a jury, yet doubting whether a convict so escaping is to be proceeded against by Information, as prescribed by the sixteenth section of the Penitentiary Law, submitted the following questions to this Court for its adjudication.
1. Does the 54th section (1 Rev. Code, 629,) or any other section of the Act, entitled 1 ‘An Act, to reduce into one the several Acts and parts of Acts, for establishing a Penitentiary-house, and for the punishment of crimes,” or any other Act or Law, prescribe any punishment for convicts sentenced to confinement in the said Penitentiary-house, for escaping therefrom, and if any, what is it?
2. If any punishment be prescribed, how are such convicts to be proceeded against in this Court? Does the 16th section of the Act last recited, apply to such cases?
By the Common Law,the offence of prison-breaking was deemed in all cases a felony, but by the Statute passed in 1794, which seems to have been copied from an old English Statute, it was enacted that no prisoner shall have judgment of life or member for breaking of prison, except the cause for which he was taken and imprisoned, did require such judgment, if he had been convict thereupon. By the Common Law, then, as modified by this Act, if a person is actually committed to Jail for any treason or felony, for which, if convicted, he might be sentenced to loss of life or member, and breaks his prison, he is a felon; but if he is confined for an inferior of-fence, he is still punishable for a high misdemeanor, by fine and imprisonment.
When the Legislature changed the punishment of offenders, and passed the Penitentiary Act, they found it necessary to provide a peculiar punishment for the offence of escaping therefrom: the punishment of fine and imprisonment in the Common Jail was not thought to be adequate to the offence of breaking from the Penitentiary building. They therefore passed the 54th section of this Law, which enacts that prisoners escaping shall, on conviction, “suffer such additional confinement and hard labor, agreeably to the directions of this Act, and shall also suffer such additional corporal punishment, not extending to life or limb, as the Court shall adjudge and direct.” The doubt in this case arises from the expression, “agreeably to the directions of this Act.” There is no other part of the Act which prescribes the qúan-tum of additional confinement and hard *labor. But we think it clear, that the section vests a power in the Court before which the conviction takes place, to inflict such additional confinement and hard labor as the said Court shall, in the exercise of a sound discretion, think proper to inflict. But in what prison shall he suffer this additional confinement and hard labor? That must be “agreeably to the provisions of this Act,” and as there is no other prison in the Commonwealth except the Penitentiary, in which hard labor is prescribed as part of the punishment, either by this Law or any other, it necessarily follows, that the additional confinement and hard labor must be suffered in the Penitentiary-house, and that the same presumption of solitude, and low and coarse diet must take place in these cases, as is directed “agreeably to the directions of the Act, ” in the case of convicts sent there for the commission of other crimes.
The 55th section of the Act, directs that the trial of prisoners escaping from the Penitentiary, shall be had before the Superior Court of Henrico, but it does not direct how they shall be proceeded against. It is obvious, that the 16th section of the Law does not apply to such cases. The remedy there provided, applies only to the cases of persons received into the Penitentiary, they having been a second or a third time convicted, and sentenced to confinement therein.
An Information can hardly be deemed a proper remedy in this Case, because none can be filed, except upon a previous Rule served on the party, giving him a day to shew cause why it should not be filed. To serve such a Rule on a prisoner, who is already in the Penitentiary-house, would seem to be useless. The remedy by Indictment seems to be the only proper mode by which the prisoner can be put on his trial for such escape.
This. Court, therefore, doth for these reasons, unanimously decide:
1. That the 54th section of the Act, entitled, “An Act to reduce into one the several Acts, and parts of Acts, for establishing a Penitentiary-house, and for the punishment of crimes,” does prescribe a punishment for convicts in the Penitentiary escaping therefrom: and that that punishment consists in such additional confinement and hard labour, agreeably to the directions of the Penitentiary Law, *315 and such additional corporal punishment, not extending to life or limb, as the Court, before whom such convicts shall be ^'convicted for said escapes, shall, in the exercise of a sound discretion, adjudge and direct.
2. That the convicts so escaping cannot be proceeded against in the mode prescribed by the 16th section of the said recited Act, but must be proceeded against by Indictment.
All which is ordered to be certified.